UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Antonio Anthony Fair, Jr., | ) | C/A No. 5:17-cv-00976-TMC-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Alvin S. Glenn Detention Center; Alvin S. Glenn Detention Center Officers; Lt. Lappit; Sgt. Walker; Sgt. Waites; Sgt. Ross; Sgt. Frazier; Lt. Sigh; Grievance Coordinator; Ofc. Jamieson; Lt. Friedly; Capt. Heston; Ofc. Isis; Ofc. Saldana; Capt. Higgins; Shane Kitchens; Ofc. Unknown Name; Ofc. Jones, and Ofc. Adams, | ) | |
| Defendants. | ) | |

This is a civil action filed by a local detainee pro se. The case was referred to this magistrate judge for all pretrial proceedings pursuant to Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

I.  Factual and Procedural Background

When Plaintiff, Antonio Anthony Fair, filed this case on April 12, 2017, he was detained at the Alvin S. Glenn Detention Center ("ASGDC") in Richland County, South Carolina. ECF No. 1. The only address that he provided to the court at that time was the address for ASGDC; therefore, the court's initial Order, subsequent Orders, and a Report and Recommendation were mailed to Plaintiff at ASGDC. ECF Nos. 6, 9, 14, 22, 23, 25, 47, 49, 59, 69. Plaintiff received all mailings from the court and actively participated in the case until shortly after he filed a change-of-address form on October 2, 2017, notifying the court that his new address was a detention center in Appling, Georgia. ECF No. 76. Since that time, all mailings sent by the court to Plaintiff at the

Appling, Georgia address have been returned by the United States Postal Service, indicating the mail was undeliverable. ECF Nos. 77, 84.

On November 14, 2017, Defendants filed a Motion to Dismiss this case for failure to prosecute. ECF No. 87. Defendants assert that they have been unable to complete discovery in this case because they cannot contact Plaintiff as he has not updated his address as required by the court. *Id*. A *Roseboro* Order was issued on November 15, 2017.[1] ECF No. 88. The mail in which the Order was sent to Plaintiff at the Appling, Georgia address has been returned undeliverable. ECF No. 90.

II. Discussion

The initial Order in this case makes it clear that a pro se litigant has an obligation to provide an up-to-date mailing address to the court. The Order reads:

> You are ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

It is clear that Plaintiff received the Order in which the obligation to keep his address updated was noted. Plaintiff is obviously aware of the requirement because he submitted a change-of-address form in October 2017. Plaintiff is also aware that failure to provide updated address information may lead to dismissal of this case. However, at this time it appears that he has not provided the court with a useable mailing address. The court should not allow a case such as this

---

[1] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

one to languish on the docket without participation by Plaintiff. Additionally, Plaintiff's failure to provide a useable updated address creates prejudice for Defendants who are attempting to defend against the claims made by Plaintiff in his Complaint.

Plaintiff's failure to provide an updated address and failure to prosecute this case subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*); *see also Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Ward v. Berry*, 2011 WL 2175087 (M.D. Ga. June 3, 2011) (dismissing plaintiff's claim for failure to prosecute, comply with court orders, and provide an updated address).

III. Recommendation

Accordingly, it is recommended that Defendants' Motion to Dismiss, ECF No. 87, be granted and that this case be dismissed *without prejudice* for failure to provide an updated address and prosecute this case in a timely manner.

The parties' attention is directed to the important notice on the following page.

November 28, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).