IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Antonio Anthony Fair, Jr., | ) |
| | ) C.A. No. 5:17-cv-00976-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Alvin S. Glenn Detention Center; | ) |
| Alvin S. Glenn Detention Center Officers; | ) |
| Lt. Lappit; Sgt. Walker; Sgt. Waites; Sgt. | ) |
| Ross; Sgt. Frazier; Lt. Sigh; Grievance | ) |
| Coordinator; Ofc. Jamieson; Lt. Friedly; | ) |
| Capt. Heston; Ofc. Isis; Ofc. Saldana; | ) |
| Capt. Higgins; Shane Kitchens; Ofc. | ) |
| Unknown Name; Ofc. Jones, and | ) |
| Ofc. Adams, | ) |
| | ) |
| Defendants. | ) |

Antonio Anthony Fair, Jr., a *pro se* plaintiff, filed this civil action against the defendants pursuant to 42 U.S.C. § 1983.[1] The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

Plaintiff was originally detained at Alvin S. Glenn Detention Center in Richland County, South Carolina. (ECF No. 1). However, Plaintiff eventually moved to a detention center in Appling, Georgia, and he notified the court of this move. (ECF No. 76). Since then, all mail sent to Plaintiff has been returned as "undeliverable." (ECF Nos. 77, 84). On November 14, 2017, Defendants filed a Motion to Dismiss this case for failure to prosecute (ECF No. 87) because they have been unable to complete discovery due to Plaintiff being unreachable. The magistrate judge

---

[1] Plaintiff labeled his Complaint as a *Bivens* claim against federal officials. (ECF No. 1-4 at 4). However, Plaintiff's claims for damages allegedly arise from the conditions of his confinement in a state detention center in South Carolina, and no federal officials are named in the Complaint. This court has, therefore, considered this claim as a claim pursuant to 42 U.S.C. § 1983.

1

issued a *Roseboro* Order (ECF No.88), but this, too, was returned to the court as "undeliverable." Before this court is the magistrate judge's Report and Recommendation (ECF No. 91) on Defendants' Motion to Dismiss, recommending that this case be dismissed for lack of prosecution and failure to comply with orders of the court pursuant to Federal Rule of Civil Procedure 41(b). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's recommendation here without a recitation.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff was advised of his right to file objections to the Report. (Dkt. No. 91 at 4). On November 28, 2017, the magistrate judge filed the Report, and a copy of it was placed in the mail to Plaintiff. (Dkt. No. 92). However, the Report was returned as "undeliverable" on December 6, 2017. (Dkt. No. 93). Based on his failure to comply with the Rules of Civil Procedure and the

orders of the court[2], it appears Plaintiff no longer wishes to pursue this action.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it here. (Dkt. No. 91). Accordingly, Defendant's Motion to Dismiss (ECF No. 87) is **GRANTED**, and this action is **DISMISSED** *without prejudice* for lack of prosecution and for failure to comply with this court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address. The Plaintiff's attention is directed to the important notice on the following page.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 7, 2017

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Specifically, as mentioned in detail in the Report, the magistrate judge issued a "Proper Form Order" on May 3, 2017, in which the court instructed Plaintiff to submit any changes in his address to the court in writing. (ECF No. 6 at 3).